## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**ANTHONY B. WILLIAMSON**                                                    **PLAINTIFF**
**ADC #109343**

**v.**                          **No: 4:23-cv-00324-KGB-PSH**


**DEXTER PAYNE,** *et al.*[1]                                              **DEFENDANTS**


## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge

Kristine G. Baker.  You may file written objections to all or part of this

Recommendation.  If you do so, those objections must: (1) specifically explain the

factual and/or legal basis for your objection, and (2) be received by the Clerk of this

Court within fourteen (14) days of this Recommendation.  By not objecting, you

may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Anthony B. Williamson filed a *pro se* complaint pursuant to 42

U.S.C. § 1983 on April 4, 2023, while incarcerated at the Arkansas Division of

---

[1] The Clerk of Court is directed to remove the Doe defendant identified as the
Lincoln County Prosecuting Attorney from the docket sheet because Williamson does not
list the Doe defendant in his amended complaint.

Correction's Varner Supermax Unit (Doc. No. 2).  Williamson was subsequently granted leave to proceed *in forma pauperis* and ordered to file an amended complaint to clarify his claims.  Doc. No. 3.  He was warned that an amended complaint would render his original complaint without legal effect, and only claims properly set out in the amended complaint would be allowed to proceed.  *Id.*  Williamson has filed an amended complaint (Doc. No. 6).  For the reasons stated herein, Williamson's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C.

2

Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).   A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.   *Twombly* at 570.   However, a *pro se* plaintiff's allegations must be construed liberally.   *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Williamson's complaint is difficult to interpret.  He appears to allege that he received a disciplinary conviction in 2019 that led to federal criminal charges.  Doc. No. 6 at 2-3, 15.  He states that those charges were then dismissed because the ADC would not produce the video evidence supporting his 2019 disciplinary conviction.  *Id.* at 3, 13. Williamson concludes that his disciplinary conviction was based on fabricated video evidence by Deputy Warden Brandon Carroll and his due process rights were violated during the disciplinary process.[2] *Id.* at 3-4.  He also sues hearing officer Daniel Golden for his role in the disciplinary

---

[2] Williamson asserts his claims based on the 2019 disciplinary are not time-barred because the defendants fraudulently concealed the evidence he needed to bring this case. Doc. No. 6 at 7.  It is not necessary to determine if Williamson's claims are subject to tolling because he fails to state a claim in any case.

proceedings, and sues Warden James Gibson and ADC Director Dexter Payne for their actions in upholding his disciplinary conviction. *Id.* at 4-5. Williamson generally alleges that Carroll and Golden acted with a retaliatory motive. *Id.* at 5. He alleges these events caused him to be defamed and suffer emotional and mental distress. *Id.* at 4. Williamson's allegations do not support any constitutional claim and are insufficient to state a claim for relief.

First, to the extent he attempts to bring some sort of malicious prosecution claim based on fabricated evidence, there is no recognized claim for constitutional injury under § 1983 based upon malicious prosecution. *See Pace v. Des Moines*, 201 F.3d 1050, 1055 (8th Cir.2000) (citing *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 977 (8th Cir.1993)). Likewise, defamation does not support a § 1983 claim. *See Paul v. Davis*, 424 U.S. 693 (1976) (holding that defamation by a state or local official does not by itself violate rights protected by the federal constitution); *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) (standing for the proposition that defamation is not actionable under section 1983 and that damage to reputation, standing alone, does not state a claim for relief, because reputation is, "neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."); *see also Jones v. McNeese*, 746 F.3d 887, 898 (8th Cir. 2014).

Second, Williamson does not describe any facts to support a due process claim. An allegation that a disciplinary is false is not sufficient to state a § 1983

claim as a matter of law. *See Dixon v. Brown,* 38 F.3d 370 (8th Cir. 1994) (recognizing that "the filing of a false disciplinary charge is not itself actionable under § 1983"); *Sprouse v. Babcock,* 870 F.2d 450, 452 (8th Cir. 1989) (same). Additionally, a plaintiff cannot maintain a due process claim based on the disciplinary process unless he can "demonstrate that he was deprived of life, liberty or property by government action." *Phillips v. Norris,* 320 F.3d 844, 846 (8th Cir. 2003). A prisoner has no liberty interest in having certain procedures followed in the disciplinary process; rather, the liberty interest arises from the "nature of the prisoner's confinement." *Phillips*, 320 F.3d at 847. "In order to determine whether an inmate possesses a liberty interest, we compare the conditions to which the inmate was exposed in segregation with those he or she could 'expect to experience as an ordinary incident of prison life.'" *Phillips*, 320 F.3d at 847 (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)).

Williamson indicates he received 30 days punitive isolation as a result of the disciplinary, and claims he has also been in administrative segregation for four years. Doc. No. 6 at 6. Generally, an inmate has no liberty interest in avoiding segregated confinement, as long as the conditions do not amount to an "atypical and significant" hardship that would give rise to due process protection as set forth in *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995). The Eighth Circuit Court of Appeals has "consistently held that administrative and disciplinary segregation are not atypical

and significant hardships under *Sandin*." *Portly-El v. Brill*, 288 F.3d 1063, 1065 (8th Cir. 2002). That Court has generally held that even relatively long stays in administrative segregation are insufficient to create a liberty interest, if the conditions are not overly harsh. *See e.g.*, *Ballinger v. Cedar Cty., Mo.*, 810 F.3d 557, 562-63 (8th Cir. 2016) (term of approximately one year in administrative segregation did not constitute atypical and significant hardship).[3] Williamson has not described **any** specific conditions he was subjected to as a result of the 2019 disciplinary, and accordingly, he fails to state a viable due process claim.

Third, Williamson alleges that Carroll and Golden's actions were retaliatory, but he does not describe any protected activity that led to such retaliation or describe why these individuals would be motivated to retaliate against him. To succeed on a § 1983 retaliation claim, a plaintiff must prove: (1) that he engaged in a protected activity; (2) that the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) that the adverse action was motivated at least in part by the exercise of the protected activity.

---

[3] *See also Orr v. Larkins,* 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate was not deprived of liberty interest during nine months in administrative segregation); *Rhaman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (inmate's placement in administrative segregation for 26 months under relatively normal conditions did not constitute an atypical and significant hardship). Longer stays in administrative segregation have been held to establish a liberty interest. *See e.g., Williams v. Norris*, 277 Fed. Appx. 647, 648 (8th Cir. 2008) (unpublished per curiam) (approximately 12 years in administrative segregation was atypical and significant hardship).

*Gonzalez v. Bendt*, 971 F.3d 742, 745 (8th Cir. 2020); *Spencer v. Jackson Cnty.*, 738 F.3d 907, 911 (8th Cir. 2013). Speculative and conclusory, or *de minimis* allegations cannot support a retaliation claim. *See Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam). Williamson alleges Carroll retaliated against him because he "refused to admit he violated prison rules he did not commit" and the defendants conspired with each other to cause him to be criminally charged "in retaliation for exercising his 5th amendment right against self-incrimination and the right to remain silent during questioning." Doc. No. 6 at 2 & 7. Williamson's speculation that the defendants were motivated to retaliate him because he did not admit to wrongdoing is insufficient to support a retaliation claim.

Finally, Williamson claims that defendant Gibson treats White inmates better than Black inmates. He describes two White inmates who he claims have similar convictions for escape but enjoy privileges he does not (such as participation in the step-down program and access to a tablet). Doc. No. 6 at 6-7. This claim is subject to dismissal for two reasons. First, it is completely unrelated to Williamson's chief complaint regarding his 2019 disciplinary conviction and subsequent prosecution. Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of

fact common to all defendants.  *See Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).  Second, to state a claim of racial discrimination, a prisoner must allege (1) he was treated differently from similarly situated inmates; and (2) the different treatment was the result of intentional and purposeful racial discrimination.  *See In re: Kemp*, 894 F.3d at 909-10; *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815 (8th Cir. 2008).  An isolated incident of unequal treatment is insufficient to show that an individual was "systematically and intentionally treated differently."  *See e.g., Weiler v. Purkett*, 137 F.3d at 1051 ("A few individual examples of unequal treatment are insufficient to provide more than minimal support to an inference of classwide purposeful discrimination.").[4]

---

[4] *See also Thrash v. White*, No. 5:09-CV-00095, 2010 WL 6749181, at *3 (E.D. Ark. Dec. 23, 2010), *report and recommendation adopted,* No. 5:09-CV-00095, 2011 WL 2110372 (E.D. Ark. May 27, 2011) ("An isolated example of unequal treatment is insufficient to establish that the difference in treatment was motivated by Plaintiffs' membership in a protected class, or that it burdened a fundamental right."); *Hughes v. Banks*, No. 1:07-CV-00027, 2011 WL 3861368, at *2 (E.D. Ark. Aug. 19, 2011) (equal protection claim failed where plaintiff only identified one inmate who was allegedly treated differently than him).

Williamson's allegation that he has been discriminated against based on two isolated examples does not meet this standard.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1.      Williamson's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of May, 2023.

_____

UNITED STATES MAGISTRATE JUDGE