IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

ANTHONY B. WILLIAMSON                                                    PLAINTIFF
ADC #109343

v.                                  Case No. 4:23-cv-00324-KGB

DEXTER PAYNE, *et al.*                                                   DEFENDANTS

## ORDER

Before the Court are the Proposed Findings and Recommendation ("Recommendation") submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 7). Plaintiff Anthony B. Williamson has filed objections to the Recommendation (Dkt. No. 8). After careful consideration of the Recommendation, the objections, and a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 7). The Court writes separately to address Mr. Williamson's objections (Dkt. No. 8).

I.    Background

Mr. Williamson, currently confined in the Varner Supermax Unit of the Arkansas Division of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). Judge Harris ordered Mr. Williamson to file an amended complaint (Dkt. No. 3). In his amended complaint, Mr. Williamson sued ADC Director Dexter Payne, Warden James Gibson, Deputy Warden Brandon Carroll, Disciplinary Hearing Officer Daniel Golden, and Disciplinary Hearing and Internal Affairs Administrator Raymond Naylor (Dkt. No. 6). According to Mr. Williamson, he received a disciplinary conviction in 2019 that led to federal criminal charges, that were later dismissed (*Id.*, at 2-3). Mr. Williamson complains that his disciplinary conviction was based on fabricated video evidence and his due process rights were violated during the disciplinary process

(*Id*., at 3-4).  He also sues Officer Golden for his role in the process and Warden Gibson and Director Payne for upholding his disciplinary conviction (*Id*., at 4-5).  Mr. Williamson asserts generally that Warden Carroll and Officer Golden acted with a retaliatory motive (*Id*., at 5).  Mr. Williamson asserts that he was defamed and suffered emotional and mental distress (*Id*., at 4).

## II.        Screening The Complaint

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id*.  Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim.  *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    Analysis

One of Mr. Williamson primary objections to Judge Harris's Recommendation is based on his assertion that Assistant United States Attorney General Erin O'Leary dismissed the federal indictment against him due to an alleged failure of the ADC to provide her with video evidence showing that Mr. Williamson was "at the scene." (Dkt. No. 8, at 6).  Mr. Williamson argues that the dismissal of the federal indictment indicates that there was no evidence to convict him of any of the disciplinary charges and that his convictions were a result of the denial of procedural due process (Dkt. No. 8, at 3-7).

The dismissal of the federal indictment has no bearing on Mr. Williamson's § 1983 claims because, as Judge Harris explains in her Recommendation, Mr. Williamson has not set forth facts to state a due process claim (Dkt. No. 7, at 4-5).  Mr. Williamson was found not guilty of two and guilty of four disciplinary charges (*Id*.).[1]  As a result, Mr. Williamson lost 60 days of commissary, phone, and visitation privileges; his class was reduced to IV; and he was committed to punitive isolation for 30 days (*Id*.).  As Judge Harris points out in her Recommendation, none of the consequences of Mr. Williamson's disciplinary convictions create a liberty interest that would give rise to a due process claim (Dkt. No. 7, at 5-6).  *See Sandin v. Conner*, 515 U.S. 472, 483–484 (1995); *Portley–El v. Brill,* 288 F.3d 1063, 1065 (8th Cir. 2002); *accord Kennedy v. Blankenship,* 100 F.3d 640, 642 n. 2, 643 (8th Cir. 1996) (determining that placement in punitive isolation is not an atypical and significant deprivation even though the inmate faced restriction in mail, telephone, visitation, commissary, and personal property privileges); *see also Smith v. McKinney*, 954 F.3d

---

[1]    According to documents submitted by Mr. Williamson, he was given a disciplinary hearing, and he presented evidence on his behalf and read each item presented at the hearing (Dkt. No. 6, at 15).  The disciplinary hearing officer made his decision based on "OO5 from staff supporting F-1 report, F-1 report, F-1 statement from charging officer, Witness statements reviewed." (Dkt. No. 6, at 16).

1075, 1082 (8th Cir. 2020) (determining that loss of privileges associated with punitive isolation do not give rise to a liberty interest and there is no right to procedural due process); *Hamner v. Burls*, 937 F.3d 1171, 1180 (8th Cir. 2019) (same).  Courts in the Eighth Circuit have determined that loss of access to personal property, as well as visitation and telephone privileges, do not pose an atypical and significant hardship giving rise to a liberty interest and due process protections. *See Ballinger v. Cedar Cnty, Mo*., 810 F.3d 557, 562–563 (8th Cir. 2016) (finding no atypical hardship where a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction).  Similarly, prisoners do not have a liberty interest in maintaining a particular classification level or in keeping commissary, phone, or visitation privileges.  *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Smith*, 954 F.3d at 1082; *Persechini v. Callaway*, 651 F.3d 802, 807, n. 4 (8th Cir. 2011).  The Court overrules Mr. Williamson's objections related to his due process claims.

Mr. Williamson's other main objection to Judge Harris's Recommendation is that it recommends dismissal of his retaliation claim against Warden Carroll and Officer Golden for filing disciplinary charges against him in retaliation for remaining silent during the investigation (Dkt. No. 8, at 5).  Mr. Williamson's objections do not break new ground.  As set forth in Judge Harris's Recommendation, Mr. Williamson's speculation that defendants were motivated to retaliate against him because he did not admit to wrongdoing during the investigation is nothing more than speculation and is not sufficient to support a retaliation claim.  *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam) (determining that allegations that defendants retaliated against inmate based on prior civil lawsuits were speculative and conclusory and were insufficient to support a claim because he failed to allege sufficient facts upon which retaliatory animus could be inferred).

Further, Mr. Williamson's claim of "remaining silent" during the investigation is contradicted by Lieutenant Carroll's notes indicating that when he interviewed Mr. Williamson, he stated that "he had nothing to [do] with this situation, and that he don't write statements." (Dkt. No. 6, at 11). *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011); (determining that when screening a case pursuant to § 1915A, a court may consider exhibits and attachments to the complaint) (citing *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986)). While Mr. Williamson did not admit wrongdoing, the facts do not support Mr. Williamson's assertion that he remained silent throughout the investigation. In the light of facts alleged in the amended complaint and its attachments, the Court overrules Mr. Williamson's objections related to his retaliation claim.

**IV.    Conclusion**

Upon a *de novo* review of the record, including the Recommendation, the Court finds that Mr. Williamson's objections break no new ground and fail to rebut the Recommendation. Thus, the Court agrees with the Recommendation and adopts its findings in their entirety (Dkt. No. 7). The Court dismisses Mr. Williamson's amended complaint without prejudice for failure to state a claim upon which relief may be granted (Dkt. No. 6). The Court recommends that, in the future, the dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

So ordered, this 15th day of June, 2026.

Kristine G. Baker
Chief United States District Judge

5